UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Antonio Shepard, | ) C/A No.  2:15-272-JFA-MGB |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| ~~United States of America~~, | ) |
| Warden of FCI-Estill, | ) |
| | ) |
| Respondent. | ) |

The Petitioner, Anthony Antonio Shepard, is an inmate at the Federal Correctional

Institution (FCI) in Estill, South Carolina.  He filed this action pro se, seeking habeas relief pursuant

to 28 U.S.C. § 2241.  This matter is before the undersigned pursuant to 28 U.S.C. § 636(b) and Local

Civil Rule 73.02(B)(2)(c)(D.S.C.).

**Standard of Review**

Under established local procedure in this judicial district, a careful review has been

made of the pro se petition filed in this case pursuant to the procedural provisions of 28 U.S.C.

§ 1915, the Rules Governing Section 2254 Proceedings in the United States District Court,[1] the

Anti–Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents:

Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989);

Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th

Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

---

[1] See Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254).

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).   However, even when considered under this less stringent standard, the petition submitted in the instant case is subject to summary dismissal.  The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### Facts and Procedural Background

On September 10, 2007, Petitioner pleaded guilty in the District Court for the Eastern District of North Carolina to possession of five grams or more of crack cocaine, with intent to distribute, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  He was sentenced to 264 months incarceration on August 19, 2008. Petitioner was determined to be a career offender based on the following convictions:

1) August 1991 plea to possession with intent to distribute cocaine.  Wilson County (North Carolina) Superior Court, sentenced to three years incarceration.
2) June 1997 plea to possession with intent to distribute cocaine.  Johnston County (North Carolina) Superior Court, sentenced to eight to ten months incarceration.
3) October 2003 plea to possession with intent to distribute cocaine.  Wilson County (North Carolina) Superior Court, sentenced to twenty to twenty-four months incarceration.

On July 10, 2009, the Fourth Circuit upheld the judgement and sentence imposed.  United States v. Shepard, 336 F. App'x 373 (4th Cir. 2009).  Petitioner filed a motion for relief pursuant to 28 U.S.C.

2

§ 2255, which was denied on September 3, 2013. <u>Shepard v. United States</u>, Nos. 5:07-CR-201-D, 5:12-CV-421-D (E.D.N.C.).[2]

In the present Petition, Petitioner asserts that the length of his custody exceeds the allowable maximum sentence because he incorrectly received a career offender enhancement under United States Sentencing Guideline § 4B1.1.  Petition, ECF No. 1 at 1, 3. Petitioner argues that he properly filed this Petition pursuant to § 2241 based on the Fourth Circuit's decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011).  He contends that a motion under § 2255 is inadequate or ineffective to test the legality of his detention because, at the time of his § 2255 motion, <u>Simmons</u> was not applied retroactively, but was made retroactive pursuant to <u>Miller v. United States</u>, 735 F.3d 141, 145-146 (2013)(holding that <u>Simmons</u> announced a substantive rule retroactively applicable on collateral review). <u>Id.</u> at 2.  He also argues he is entitled to relief in light of the Supreme Court's decision in <u>Persaud v. United States</u>, 134 S.Ct. 1023 (2014). <u>Id.</u> at 10.  Petitioner requests that his sentence be reduced and he be resentenced without the career offender enhancement.  <u>Id.</u> at 14.

## <u>Discussion</u>

This action is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2010) (citing <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997)).  Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which provides:

---

[2]A federal court may take judicial notice of the contents of court records.  <u>See</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes–Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001);

Ennis v. Olsen, No. 00–7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). Petitioner argues

that his remedies are inadequate because his prior petition under § 2255 was denied. "[T]he remedy

afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been

unable to obtain relief under that provision, or because an individual is procedurally barred from

filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n. 5.

The Fourth Circuit has announced a three-part test to determine whether a petition

challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the **substantive law** changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000)(emphasis added). This test was formulated

expressly to provide a remedy for the "fundamental defect presented by a situation in which an

individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no

source of redress." Id. at 333 n. 3.

Petitioner has not alleged that the conduct for which he was convicted has been

deemed non-criminal by any substantive law change. Rather, Petitioner asserts that the sentencing

court improperly enhanced his sentence as a career offender because two of his state court

4

convictions no longer qualify as predicates for enhancement of his federal sentence.  He argues that his sentence is a miscarriage of justice and appears to argue that he is actually innocent of the career offender enhancement.  However, the United States Court of Appeals for the Fourth Circuit has not extended the reach of the savings clause to petitions which challenge only a sentence.  United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); Farrow v. Revell, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (challenge to sentencing factor is not cognizable under § 2241).  Accordingly, Petitioner fails to state a cognizable § 2241 claim as to his argument concerning his sentence.  See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010)(holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"); see also Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

Petitioner argues that he may now bring his habeas claims pursuant to § 2241 in light of the recent decision by the United States Supreme Court in Persaud.  However, this case does not change the existing and binding Fourth Circuit precedent discussed above.  The Supreme Court's order in Persaud did not contain any ruling on the merits of the arguments of the petitioner or the United States as to the application of the reasoning of the Fourth Circuit in Poole, nor does it contain any discussion as to whether Poole or other Fourth Circuit cases correctly interpreted and applied the law applicable to the § 2255 savings clause or to § 2241 subject-matter jurisdiction.  The Supreme Court remanded the case to the Fourth Circuit for "further consideration" because the United States, through the Solicitor General, changed its legal position on the issue at the time the

case reached the Supreme Court.[3] <u>Persaud v. United States</u>, 134 S.Ct. at 1023. The case is currently pending in the Western District of North Carolina.[4] Further, subsequent to the Supreme Court's remand in <u>Persaud</u>, the Fourth Circuit affirmed a district court order which similarly held that a petitioner could not challenge a sentencing enhancement via § 2241. See <u>Rouse v. Wilson</u>, No. 1:13–cv–748-GBL-TRJ (E.D.Va. Feb. 19, 2014), <u>aff'd</u>, 584 F. App'x 76, 2014 WL 4823637, at *1 (4th Cir. 2014) (holding a petitioner could not proceed with his claims under § 2241 to challenge the career offender enhancement). The Fourth Circuit noted, "[t]he district court properly determined that Rouse could not proceed with his claims under § 2241." <u>Rouse</u>, 2014 WL 4823637, at *1 n. *.

### <u>Recommendation</u>

Accordingly, it is recommended that the Petition in this action be dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

May 20, 2015
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[3]The Supreme Court vacated the Fourth Circuit's affirmance, <u>United States v. Persaud</u>, 517 F. App'x 137 (4th Cir. 2013), of a Western District of North Carolina decision, <u>Persaud v. United States</u>, Nos. 3:12-cv-509-FDW and 3:01-cr-36-FDW-7, 2012 WL 5902557 (W.D.N.C. Nov. 26, 2012), which held (in reliance on the Fourth Circuit's <u>Poole</u> line of cases) that a § 2241 petition could not be used by a federal prisoner to challenge the validity of Persaud's enhanced sentence (a mandatory minimum life sentence under 21 U.S.C. §§ 841(b)((1)(A), 851).

[4]The action was stayed on December 5, 2014, pending a decision in the Fourth Circuit Court of Appeals in <u>United States v. Surratt</u>, No. 14-6851 (4th Cir.). See <u>United States v. Persaud</u>, No. 3:12-cv-00509-FDW (W.D.N.C.)(ECF Nos. 15, 16).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).