IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anthony Antonio Shepard,<br><br>  Petitioner,<br><br>v.<br><br>Warden of FCI-Estill,<br><br>  Respondent. | C/A No. 2:15-272-JFA<br><br>**ORDER** |

## I. INTRODUCTION

Anthony Antonio Shepard ("Petitioner") is an inmate at the Federal Correctional Institution ("FCI") in Estill, South Carolina. Petitioner filed this action pro se, seeking habeas relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this court should dismiss the Petition in this action without prejudice and without requiring Respondent to file a return. (ECF No. 8). Petitioner was advised of his right to object to the Report, which was entered on the docket on May 20, 2015. Petitioner filed a statement of objection to the report. (ECF No. 12). Respondent did not file a response to Petitioner's objections. Thus, this matter is ripe for the Court's review.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

**II.     DISCUSSION**

Petitioner has lodged one objection to the Report rendered by the Magistrate. Specifically, Petitioner contends that because he is factually innocent of his latest offense, the Magistrate erred in concluding that Petitioner could not challenge the lawfulness of his conviction or sentence under 28 U.S.C. § 2241.

"It is well established that defendants convicted in federal court are obliged to seek habeas relied from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In her analysis, the Magistrate noted that the Petitioner may not challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him such relief,

> unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). Further, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n. 5.

The Fourth Circuit announced a three-part test in order to determine whether a petition may be brought under § 2241 to challenge the lawfulness of a conviction or sentence:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 256 F.3d 328, 333-34 (4th Cir. 2000). The purpose of this test is to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." *Id.* at 333 n. 3.

Petitioner seems to argue that in light of the Fourth Circuit's decision in *U.S. v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he is factually innocent of his latest offense because he did not have any qualifying predicate convictions from which to enhance his sentence. However, Petitioner does not argue that the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Instead, Petitioner believes that his sentence was improperly enhanced because two of his state court convictions no longer qualify as predicates for enhancement of his federal sentence. As a result, Petitioner asserts that his sentence is a

3

miscarriage of justice and seems to argue that he is factually innocent of the career offender enhancement.

The Fourth Circuit has not extended the reach of the savings clause to petitions challenging only a sentence. *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *see also Farrow v. Revell*, No. 13-66804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (challenge to a sentencing factor is not cognizable under § 2241). The Fourth Circuit recognized in *Poole* that the savings clause only preserves claims in which a petitioner claims actual innocence of convictions and not just innocence of a sentencing factor. *Poole*, 531 F.3d at 267. Therefore, this Court agrees with the Magistrate's finding that Petitioner fails to raise a cognizable § 2241 claim as to the argument concerning his sentence. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"); *see also Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

The Fourth Circuit reaffirmed these holdings in *United States v. Surratt*, No. 14-6851, 2015 WL 4591677 (4th Cir. July 31, 2015). In *Surratt*, the Fourth Circuit recognized that *Simmons* did not decriminalize any part of the Appellant's underlying conduct. *Surratt*, 2015 WL 4591677 at *5. The Court also held that prior convictions are not elements of the instant offense. *Id*. "'[A] claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under

4

§ 2241.'" *Id*. at *6 (quoting *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011). As a result, Petitioner in this case has failed to raise a cognizable claim under § 2241.[2]

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the court **ADOPTS** the Report and Recommendation of the Magistrate. Since Petitioner's objection to the Report was timely, Petitioner's motion for extension of time is moot.

IT IS SO ORDERED.

September 16, 2015                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

---

[2] "A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate[.]" *Surratt*, 2015 WL 4591677 at *9 (quoting *Morales v. Bezy,* 499 F.3d 668, 672 (7th Cir. 2007)).